UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>EPISCOPAL CHURCH HOME OF MINNESOTA<br><br>　　　　　　Defendant. | CIVIL ACTION NO. 99-1372 (PAM/JGL)<br><br>**CONSENT DECREE** |

This action was filed by the Equal Employment Opportunity Commission ("EEOC") on Sept. 9, 1999, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, et seq. In its complaint, the Equal Employment Opportunity Commission ("EEOC") alleges that Defendant, Episcopal Church Home of Minnesota ("ECH" or "Defendant") discriminated against Kelvin Nickles on the basis of his race, black. Specifically, the EEOC alleges that ECH discriminated against Nickles by transferring him to an undesirable position because of his race, and subjecting him to a racially hostile work environment. Further, the EEOC alleges that ECH fired Nickles in retaliation when he complained about the discrimination.

Defendant denies that it has committed any of the violations alleged by the EEOC. The EEOC, Defendant, and Nickles (hereinafter referred to as "the parties") have agreed to settle these claims in order to reach an amicable resolution of this matter and avoid further litigation. The terms of the agreement are set forth below.

I.　　Monetary Relief

　　A.　　Settlement Amount

Defendant agrees to settle this case for $25,000.00 and to mail checks as described below

FILED  MAR - 9 2001
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD_____
DEPUTY CLERK_____

totaling that amount, less appropriate deductions described below, to Kelvin P. Nickles with a copy to the EEOC, at the times specified below, after the date the Consent Decree is entered by the Court. The checks shall be sent by certified mail, return receipt requested, to Nickles and a copy of the checks shall be mailed simultaneously to the undersigned counsel for the EEOC. The parties stipulate that they have allocated the settlement amount into separate payment categories in recognition of the underlying claims. Defendant agrees to pay Nickles $12,720.00 in back pay, minus standard deductions, and $12,280.00 in compensatory damages. All payments are payable within 10 calendar days after this action is dismissed pursuant to this Consent Decree.

All of the employer's share of required withholdings, such as Social Security, shall be paid by Defendant. Neither the EEOC nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Nickles may or may not incur on such payments under local, state and/or federal law.

II.   Non-Monetary Terms

   A.   Compliance with Title VII

Defendant agrees that it will not condone or tolerate acts of race discrimination and/or racial harassment as prohibited by 42 U.S.C. §2000e, et. seq. Defendant also agrees that it will not condone or tolerate acts of retaliation against any employee or former employee for exercising the right to oppose any practice made unlawful employment practice by Title VII, and to make a charge, testify, assist, or participate in an investigation, proceeding or hearing under 42 U.S.C. §2000e et. seq.

   B.   Impact Upon the EEOC's Processing

The EEOC does not waive or in any manner limit its right to process or seek relief in any other charge or investigation based upon allegations not included in the above-captioned case.

C. <u>Training</u>

Defendant shall provide training, specifically on racial harassment, race discrimination and retaliation, to all of its personnel, including supervisors, managers and administrators, and agrees to continue to provide orientation to new employees, at its expense, relating to Defendant's obligation to maintain a work environment free from discrimination and harassment on the basis of race, and regarding Defendant's obligation not to retaliate against individuals who complain about discrimination in the workplace. This training will also instruct all employees on the policies and procedures of reporting, responding to and investigating claims of race discrimination including harassment.

D. <u>Information about Anti-Discrimination to Residents and Family Members</u>

Defendant shall include a provision in the Code of Living and Residents Bill of Rights handbook, which states that race discrimination and racial harassment are prohibited by residents towards employees. Such handbook shall be distributed to all present and future residents and/or their families.

E. <u>Creation and Dissemination of Anti-Discrimination Policy</u>

Defendant shall certify to the EEOC that it has an anti-discrimination and anti-harassment policy. Such policy will specifically outline procedures for reporting and investigating complaints of race discrimination, and will include the names of persons to whom discrimination complaints should be made. If no such policy exists, Defendant shall create such a policy within 30 days. This policy shall be disseminated to all staff and residents.

F. <u>Posting of Notice</u>

Defendant agrees to post the notice (Exhibit A hereto) in its facility in a clear and conspicuous location customarily used for the posting of employee notices. Defendant agrees to post

this notice within five calendar days of approval of this Consent Decree by the Court, for 90 consecutive calendar days.

    G.    <u>Removal of References to EEOC Charge/Lawsuit from Personnel File</u>

Defendant shall remove from Nickles' personnel file any record or indication that relates to his charge filed with the EEOC, the investigation, litigation, or resolution of the charge. Defendant shall also remove all statements that Nickles was terminated because he was unable to perform the job based on a medical condition.

    H.    <u>Neutral Reference</u>

When and if Defendant is contacted by a prospective employer of Nickles' for an employment reference, Defendant shall provide neutral reference information, consisting only of dates of employment and positions held.

    I.    <u>Record-keeping and Reporting</u>

For three years from the date of this Consent Decree, Defendant shall document and maintain records related to every complaint that it or any manager or supervisor receives from any employee alleging racial harassment. During this period, Defendant shall also provide the EEOC with semi-annual reports, with the first report being due five months after the Final Order. Defendant shall provide the Commission with a report every six months thereafter throughout the term of this Decree. The reports shall include the following information for each complaint known to Defendant: the name, address, telephone number, and social security number of all employees at Defendant's facility, if any, who, during the reporting period, complained either verbally or in writing about race discrimination and/or racial harassment; the date and nature of each complaint; the identity of each person to whom each complaint was made; and the action taken by Defendant in response to each complaint. Finally, the EEOC may inspect Defendant's premises, interview employees and examine

and copy documents. The EEOC shall give written notice one week prior to coming on the premises for inspection.

J.   Enforcement of Consent Decree

If at any time during the effective date of this Consent Decree, the EEOC believes that a violation of this Decree has occurred, prior to exercising its right to move to compel enforcement, the EEOC shall give written notice detailing the perceived violation to Defendant. Defendant shall have thirty (30) days from receipt of written notice to investigate and respond in writing to the allegation that a violation has occurred. Thereafter, the parties shall have a period of thirty (30) days, or such additional period as may be agreed upon in writing by them, in which to engage in negotiation and conciliation regarding any alleged violation before the EEOC may move to compel compliance.

K.   Certification to the EEOC

Within 10 calendar days following compliance with the posting, training and creation/dissemination of anti-discrimination policy provisions of this Consent Decree, Defendant will notify the EEOC of such compliance through a letter from an appropriate representative.

L.   No Other Agreements

This Consent Decree constitutes the sole agreement between and among the parties concerning the settlement of the above-captioned lawsuit. The parties agree that no promises or inducements have been made except as set forth in this Consent Decree, and the Release between Nickles and ECH, and that there are no other agreements, written or oral, express or implied, between or among the parties concerning the subject matter of this lawsuit.

M.   Enforcement of Terms of Consent Decree and Jurisdiction

Upon execution of the Consent Decree by the parties, the parties will execute a Stipulation

for Dismissal with Prejudice, pursuant to Fed. R. Civ. P. 41(a)(2), to dismiss this case without costs to the parties, with the Court to reserve jurisdiction to enforce the terms of the Consent Decree. The affirmative obligations under this Consent Decree shall be effective and binding upon the parties for the period of three calendar years from its final approval by the Court. This Court shall retain jurisdiction of this action for the purpose of enforcing this Decree and entry of such further orders as may be necessary or appropriate for the same period of time, except that, if any party has, prior to the expiration of the three year period, commenced proceedings to compel compliance, this Court will retain jurisdiction of the action until all issues relating to such compliance proceedings have been resolved. At the end of the three year period, or as soon as all enforcement issues (if any) have been resolved, whichever occurs last, this Court will dissolve the Consent Decree and will dismiss this action with prejudice without further motion by any party.

I have read the foregoing Consent Decree, and accept and agree to the provisions contained therein.

_____  
Jean P. Kamp  
Regional Attorney

Date: 3-1-01

_____  
Tina Burnside  
Senior Trial Attorney

Date: 2/26/01

EQUAL EMPLOYMENT OPPORTUNITY  
COMMISSION  
Minneapolis Area Office  
330 S. Second Ave., Suite 430  
Minneapolis, MN 55401  
(612) 335-4047

_____
Thomas L. Skorczeski

_____
Date: 2/20/01

ORBOVICH & GARTNER CHARTERED
Historic Hamm Building, Suite 417
408 Peter Street
St. Paul, MN 55102
(651) 224-5074

Attorneys for Defendant

## ORDER

SO ORDERED this _8th_ of _March_, 2001.

_____
Hon. Paul Magnuson
United States Judge

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>EPISCOPAL CHURCH HOME OF MINNESOTA<br><br>    Defendant. | CIVIL ACTION NO. 99-1372 (PAM/JGL) |

### Stipulation and Order for Dismissal With Prejudice

Pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure, and based upon the attached Consent Decree, the Equal Employment Opportunity Commission and Episcopal Church Home hereby stipulate to the dismissal of this action with prejudice, and to retention of jurisdiction by the Court to enforce the provisions of the Consent Decree.

_____         3-1-01
Jean P. Kamp                                          Date
Regional Attorney

_____         2/26/01
Tina Burnside                                        Date
Senior Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Minneapolis Area Office
330 S. Second Ave., Suite 430
Minneapolis, MN 55401
(612) 335-4047

MAR - 9 2001
FILED_____
JUDGMENT
DEPUTY CLERK_____

_____  
Thomas L. Skorczeski

_____  
Date

ORBOVICH & GARTNER CHARTERED  
Historic Hamm Building, Suite 417  
408 Peter Street  
St. Paul, MN 55102  
(651) 224-5074

Attorneys for Defendant

## ORDER

SO ORDERED this ____ of _____, 2001.

_____  
Hon. Paul Magnuson  
United States Judge

9

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

EQUAL EMPLOYMENT OPPORTUNITY )
COMMISSION, )
 )
       Plaintiff, )     CIVIL ACTION NO. 99-1372 (PAM/JGL)
  v. )
 )
EPISCOPAL CHURCH HOME OF )
MINNESOTA )
       Defendant. )
_____ )

## NOTICE TO EMPLOYEES

This Notice is being posted pursuant to an agreement between the U.S. Equal Employment Opportunity Commission (EEOC), and Episcopal Church Home. A charge was filed with the EEOC alleging that Episcopal Church Home violated Title VII of the Civil Rights Act of 1964 by discriminating against an employee. Although Episcopal Church Home contends that it did not intend to discriminate against any employee, as part of the agreement, Episcopal Church Home has agreed to take the following steps:

1. Without admitting any violation of the law in the past, Episcopal Church Home agrees not to engage in any type of discrimination, intimidation, or retaliation prohibited by Title VII. In other words, employees will not be harassed or retaliated against because they have opposed practices they believe to be discriminatory, or have participated in any manner in an investigation or court case under Title VII.

2. Episcopal Church Home will provide training to its staff including supervisors, managers, and administrators in regard to its policy forbidding any such discrimination, intimidation, or retaliation and providing for disciplinary action against violators.

3. Episcopal Church Home will disseminate its anti-discrimination policy to its staff and residents, outlining that discrimination and harassment, specifically including discrimination and harassment on the basis of race, is prohibited.

The EEOC enforces Title VII, which prohibits job discrimination based on race, color, religion, sex or national origin, the Age Discrimination in Employment Act, the Equal Pay Act, prohibitions against discrimination against individuals with disabilities in the federal sector, sections of the Civil Rights Act of 1991, and Title I of the Americans with Disabilities Act, which prohibits discrimination against people with disabilities in the private sector and state and local governments. The Minneapolis office of the EEOC is located at 330 S. Second St., Suite 430, Minneapolis, MN 55401. The office is open from 8:00 a.m. to 4:30 p.m., Monday through Friday. Persons interested in contacting the EEOC may do so either by visiting or writing or by calling (612) 335-4040.

EXHIBIT A